IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GERALD RAY WEDEL and <br> LETHA WEDEL | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. 10-1134-EFM |
| JON R. CRAIG, et al., | ) <br> ) <br> ) | |
| Defendants. | ) | |

# **ORDER**

The plaintiffs in this case, Gerald Ray Wedel and Letha Wedel, are alleging violations of several statutes and constitutional provisions against various defendants. Three of those defendants, Michael Freelove, E. Leigh Hood, and Ford County District Court,[1] have filed a motion to dismiss alleging, among other things, that they are entitled to immunity (doc. 13). Currently before the court is a motion to stay discovery filed contemporaneously with the motion to dismiss (**doc. 15**), three related motions to strike filed by Gerald Wedel (**docs. 17, 19, and 28**), and a motion for a protective order filed by defendants (**doc. 21**).

Instead of responding to the motions in this matter, Wedel instead has opted thus far to file motions to strike. Wedel first filed a motion to strike defendants' motion to dismiss and motion to stay (doc. 17). When defendants responded to Wedel's motion to strike,

---

[1] Any further reference to "defendants" in this order refers only to defendants Freelove, Hood, and the Ford County District Court.

Wedel then filed a motion to strike that response. The second motion to strike is nearly identical to the first but also includes a request that defendants' counsel be sanctioned (doc. 19). The same day Wedel filed his second motion to strike, defendants' filed a motion for a protective order, alleging that Wedel's filings are unsupported, vague, conclusory, abusive, and duplicative, and asking that defendants not be required to respond to any further motions filed by Wedel until the motion to dismiss is decided (doc. 21). Wedel has since filed a motion to strike this motion for a protective order and defendants' response to the second motion to strike, along with another request for sanctions (doc. 28).

As a preliminary matter, the undersigned finds no merit in any of Wedel's three motions to strike. Wedel cites Fed. R. Civ. P. 12(f), which allows the court to strike pleadings that state "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored and are a matter within the court's discretion.[2]

Nothing that Wedel seeks to strike appears to meet the criteria set forth in Rule 12(f). Indeed, Wedel's motions to strike are themselves largely repetitive and full of conclusory allegations and recitations of legal standards that fail to address why defendants' filings should be stricken. Thus, to the extent Wedel seeks to strike defendants' motion to stay, defendants' responses to the motions to strike, and defendants' protective order, those motions are denied. Similarly, Wedel's two requests for sanctions against defendants'

---

[2]*Dockhorn v. Kitchens By Kleweno*, No. 08-2307, 2010 WL 1196425, at *2 (D. Kan. Mar. 23, 2010).

counsel are also denied, as Wedel has not provided anything beyond cursory allegations that would justify such an action.

As noted above, Wedel's first motion to strike takes aim at both the motion to stay and the motion to dismiss, the latter of which will be ruled on by the presiding U.S. District Judge, Eric F. Melgren. Thus, to the extent Wedel is requesting that the court strike defendants' motion to dismiss, that portion of the motion (doc. 17) is denied as well for the reasons stated above.

Turning to the motion to stay, defendants have requested that all discovery under Fed. R. Civ. P. 26 be stayed pending a ruling on their motion to dismiss. Generally, the court may stay discovery if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome.[3] The decision whether to stay discovery rests in the sound discretion of the court and is generally a case-by-case determination.

Discovery is not routinely stayed in this district merely because a dispositive motion is pending.[4] However, an exception is made to that general rule when a defendant asserts an immunity claim in the dispositive motion so that the immunity issue can be resolved before

---

[3] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4] *See Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990) ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing cases)).

discovery commences.[5] If any discovery is allowed in such a situation, it should be tailored specifically to the immunity question.[6]

Defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[7] "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[8] The Supreme Court has made it clear that, until the threshold question of immunity is resolved, discovery should not be allowed.[9]

The motion to dismiss filed by defendants raises various immunity defenses. Specifically, defendants argue that Ford County District Court is not a proper defendant in federal court because the Eleventh Amendment bars suit against a state entity absent consent, and that Hood and Freelove, as judges, are entitled to absolute judicial immunity. Based on this, defendants are entitled to a stay of discovery so that the preliminary matter of immunity

---

[5]*See Harlow v. Fitzgerald*, 457 U.S. 800, 818–19 (1982); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

[6]*Workman*, 958 F.2d at 336 (citing *Anderson v. Creighton*, 483 U.S. 635, 646–47 n.6 (1987)).

[7]*Siegert v. Gilley*, 500 U.S. 226, 231 (1991) ("'Until this threshold immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow*, 457 U.S. at 818 (1982))).

[8]*Id*. at 232; *see also Gallegos v. City & County of Denver*, 984 F.2d 358, 361 (10th Cir. 1993) ("A successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability.").

[9]*Siegert*, 500 U.S. at 233 ("'The entitlement is an *immunity from suit* rather than a mere defense to liability . . . .'" (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

can be resolved before proceeding with discovery and other pretrial matters in this case. Accordingly, defendants' motion to stay is granted.

Defendants have also filed a motion for a protective order in response to Wedel's multiple motions to strike. In their motion, defendants ask that they be relieved from responding to any "further abusive filings" by Wedel. As defendants point out, Wedel continues to file duplicative motions that add no new substance. However, defendants are still required to respond or else risk that Wedel's motions be deemed uncontested.

As explained above, motions to stay are generally granted to defendants raising immunity defenses because immunity entails not just freedom from liability but also freedom from the demands of defending a lawsuit. Although the stay granted above should generally reduce the motions practice in this case until defendants' motion to dismiss is decided and the stay lifted, the undersigned finds good cause to enter the requested protective order based on the procedural history of this case outlined in this order and the immunity defenses raised by defendants. Defendants are relieved from responding to any further abusive filings by Wedel until their motion to dismiss is decided, absent a court order to the contrary.

In consideration of the foregoing,

IT IS HEREBY ORDERED

1. Wedel's motion to strike defendants' motion to stay and motion to dismiss (**doc. 17**) is denied.

2. Wedel's motion to strike defendants' response and for sanctions (**doc. 19**) is

denied.

3. Wedel's motion to strike defendants' motion for a protective order and for sanctions (**doc. 28**) is denied.

4. Defendants' motion to stay (**doc. 15**) is granted.

5. Defendants' motion for a protective order (**doc. 21**) is granted.

Dated June 22, 2010, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge