IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL,

   *Plaintiffs*,

vs.

JON R. CRAIG, et al.,

   *Defendant.*

Case No.10-1134-EFM

**MEMORANDUM AND ORDER**

Plaintiffs filed a motion for default judgment on July 1, 2010 (Doc. 46). The Court denied that motion on July 2, 2010 (Doc. 48), explaining to the plaintiffs that the federal rules permitted a party to timely file an answer or a motion to dismiss, and that the defendants had all filed timely motions to dismiss rather than answers, which was permitted. Plaintiffs filed a motion for reconsideration of that Order on July 8, 2010 (Doc. 57), quoting the Summons as authority for defendants' requirement to answer or be in default.[1] The Court denied this motion for reconsideration by text entry on July 9, 2010, pointing out to plaintiffs that the summons' language quoted by the plaintiffs' motion itself clearly permitted a motion to dismiss under Rule 12 to be filed in lieu of an answer, and as the defendants had done so, they were clearly not in default.

---

[1] Plaintiffs motion also appeared to allege that defendants' lawyers, or some of them, had a conflict of interest in this case because they were adverse parties or counsel to adverse parties to plaintiffs in other litigation. Naturally, that is not a legal conflict of interest to their representation of parties adverse to plaintiffs here.

-1-

Now before the Court is plaintiffs' motion for reconsideration of that order filed on July 16, 2010 (Doc. 68). Although this motion (like all of plaintiffs' filings) cites several rules and constitutional provisions, it makes no coherent legal argument for reconsideration, nor does it address the Court's legal rationale in its prior orders. Therefore, it should be denied.

In addition, plaintiffs on July 16, 2010 also filed a document entitled "Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule upon this Motion and All Public Officers of this Court to Uphold Said Rights" (Doc. 70). This pleading, like plaintiffs' other pleadings, contains many references to the Constitution, and while it appears to again be addressed to defendants' failures to answer plaintiffs' complaint it makes no cognizable claim for relief nor any legal or factual grounds requiring a judicial determination. Accordingly, this motion should be struck, and the Court *sua sponte* will so order.

Plaintiffs have also Notices of Writs of Mandamus (Docs. 81, 82 and 86), requesting the clerk of the court to issue default orders. For the reasons previously stated, those requests for Writs are denied.

Finally, the Court addresses plaintiffs' Motion for Emergency Injunction (Doc. 39), filed on June 23, 2010. This motion does not state what it seeks to enjoin the defendants from doing, nor does it set forth a factual or legal basis for an injunction (containing only summary references to legal and constitutional provisions along with allegations of conflicts of interest, and a lengthy section denying judicial immunity and setting forth a legal basis for judges liability and removal from office), and so should be denied.

The Court recognizes that *pro se* litigants are not familiar with procedural rules, and does not hold them to as strict of compliance with such rules as it would represented counsel. However,

the Court on two occasions has explained those rules to plaintiffs, regarding a defendant's obligation to file an answer or file a motion to dismiss, and plaintiffs have ignored such instructions. Repeated filings requesting the same relief without stating new legal or factual grounds are an abuse of the judicial process. The Court hereby notifies plaintiffs that if they file any additional motions or writs, or other filings of any kind, seeking default judgment of defendants for their failure to file answers, that filing restrictions will be imposed upon them.[2] No litigant has the right to unlimited access to the courts, and a Court may impose filing restrictions where repetitive and frivolous filings constitute an abuse of judicial process.[3]

**IT IS THEREFORE ORDERED** that plaintiffs' motion for reconsideration (Doc. 68) is hereby DENIED.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Exercise Constitutional Rights (Doc. 70) does not state a cognizable request for judicial relief and is hereby STRUCK.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Emergency Injunction (Doc. 39) is hereby DENIED.

**IT IS FURTHER ORDERED** that plaintiffs' request for Writs of Mandamus (Docs. 81, 82 and 86) are hereby DENIED.

---

[2] The Court's authority to impose such an order is established in *Werner v. Utah*, 32 F.3d 1446 (10th Cir. 1994).

[3] *In re Winslow*, 17 F.3d 314 (10th Cir. 1994).

**IT IS SO ORDERED.**

Dated this 10th day of August, 2010, in Wichita, Kansas.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE