# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GERALD RAY WEDEL and LETHA
WEDEL,

    *Plaintiffs*,

vs.

JON R. CRAIG, et. al.,

    *Defendants.*

Case No. 10-1134-EFM

## MEMORANDUM AND ORDER

Plaintiffs Gerald Ray Wedel and Letha Wedel bring this action, *pro se* and *in forma pauperis*. Defendants include Jon R. Craig, Bradley C. Ralph, Michael Freelove, David M. Tarter d/b/a/ H & R Block, the Ford County District Court of Kansas, and E. Leigh Hood. Before the Court are all Defendants' Motions to Dismiss (Docs. 13, 29, 36, 50). Also before the Court is a motion filed by Plaintiffs (Doc. 88). For the following reasons, Defendants' motions are granted, and Plaintiffs' motion is denied.

**I. Facts and Procedural Background**[1]

Plaintiff Gerald Wedel originally filed his Form Complaint with approximately 105 pages of attachments and exhibits in support. An Amended Complaint was subsequently filed, naming two Plaintiffs, Gerald and Letha Wedel. No exhibits were attached to the Amended Complaint.

---

[1]The Court recently addressed similar issues in cases filed by Plaintiffs (Case Nos. 10-1069-CM; 10-1079-MLB; and 10-1156-CM). Those cases were dismissed on many of the same grounds. In addition, Case No. 10-1148, is also pending before the undersigned judge, and an Order will contemporaneously issue dismissing that case for substantially similar reasons.

In the Jurisdiction section of the Amended Complaint, Plaintiffs assert that they are from Kansas, and all Defendants are from Kansas. Plaintiffs also contend that the case arises under 28 U.S.C. § 1343, and other grounds for jurisdiction include:

> Violation of plantiffs [sic] constitutional rights to due process, admend. [sic] #1, #5, and 14, Violation of The Fair Debt Collection Practices Act, (15-USC-1692), The Privacy Act of 1974, Kansas Statutes, and The Kansas Constitution Bill of Rights #1, #2, #3, $6 [sic], #9, #10, #13, #15, #18, and #20.

In a section of the form Complaint entitled "Statement of Claim,"[2] Plaintiffs reference Exhibit A and claim:

> Violation of Plaintiffs Constitutional Rights to Due Process, Violation of The Fair Debt Collection Act (15-USC-1692), Fraud, Fraud on the Court, Racketeering, and Conspiracy, Violation of Kansas Statutes, and Federal Law. Complex & Multi-District litigation Fraud, Constructive Fraud, Extrinsic Fraud, Intrinsic Fraud, Fraud in the Factum and for the participation, in the same within the criminal RICO result.[3]

Plaintiffs contend that they "would like our Constitutional Rights Given Back, Plaintiff would like Reimbursed for Punitive Damages, and Mental Stress, Anguish, and Emotional Trauma on the Plaintiffs and There [sic] Family, and and [sic] refunded for expenses to defend the FRIVOLUS [sic] CLAIM." The total amount of damages they claim is one million dollars.

Defendants filed Motions to Dismiss (Docs. 13, 29, 36, 50). Instead of filing responses, Plaintiffs filed Motions to Strike.[4] All Defendants assert that Plaintiffs fail to state a claim. Defendant Ford County District Court also asserts the defense of sovereign immunity, while Defendants Freelove and Hood assert the defense of judicial immunity. The other non-governmental

---

[2]This section directs Plaintiff, in part, to file a "short and plain statement of the claim showing that plaintiff is entitled to relief and "what each defendant did that violated the right(s) of the plaintiff, including dates and places of such conduct by the defendant(s)."

[3]Although Plaintiffs reference Exhibit A, as noted above, no exhibits were filed with the Amended Complaint.

[4]Judge O'Hara previously denied Plaintiffs' motions to strike.

Defendants contend that as private individuals, Plaintiffs' constitutional claims against them are improper. In addition, these Defendants contend that Plaintiffs have failed to allege any claim with specificity.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[5] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[6] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[7]

Because Plaintiff is pursuing this action *pro se*, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[9] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those

---

[5] *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[6] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[7] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

issues."[10]  Furthermore, when a party proceeds *in forma pauperis*, the court shall dismiss the case at any time if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[11]

## III.  Analysis

Plaintiffs fail to state a claim.  As noted above, Plaintiffs only list purported causes of action with no factual allegations for support.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[12]

Even assuming that Plaintiffs meant to incorporate the exhibits that they previously attached to the original Complaint, Plaintiffs fail to state claim.  The 105 pages of exhibits attached to the Complaint include a five-page "claim,"[13] copies of statutes, and copies of documents apparently filed and related to a state court proceeding in the District Court of Ford County, Kansas.  Plaintiffs fail to state a claim as there are no underlying factual allegations to support any cause of action. Defendants are not provided with fair notice of the claim because it is impossible to determine from Plaintiffs' vague, conclusory, and disorganized allegations what Plaintiffs are alleging.  The Court is unable to discern any factual allegations that would plausibly entitle Plaintiffs to relief.  As such, all Defendants' motions to dismiss are granted.

---

[10]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[11]28 U.S.C. § 1915(e)(2)(B)(i-iii).

[12]*Robbins*, 519 F.3d at 1248 (citing *Twombly*, 550 U.S. at 556, n. 3)).

[13]Plaintiffs appear to allege that there were issues throughout the proceeding of a case in the District Court of Ford County, Kansas.

Plaintiffs currently have one pending motion in this case (Doc. 88). It is entitled "Motion to the Court that the Order (Exhibit A) has many false statements and misleading quotes, it does not support the exhibits in the civil complaint, claim and is in clear violation of the plaintiffs constitutional rights to due process const. amends #1, #5, #6, #7, #11, and #14." Plaintiffs' contentions are fairly incomprehensible, but Plaintiffs appear to dispute a ruling in another case recently dismissed which is irrelevant to this case. As such, it is denied.

The Court notes that three other cases filed by Plaintiffs, Case Nos. 10-1069-CM; 10-1079-MLB; and 10-1156-CM were recently dismissed.[14] In several of those Orders, the Court expressed its concern that Plaintiff was abusing the judicial system by filing frivolous lawsuits and meritless motions. In addition, filing restrictions have been imposed against Plaintiffs in all three of the cases.[15]

Despite the fact that these Orders have been filed and Plaintiffs have been warned that "the filing of unreasonable, meritless lawsuits or pleadings may be a basis for imposing sanctions, including filing restrictions, in other pending or future actions," Plaintiffs continue to file pleadings that are meritless. Filing restrictions are appropriate to curtail a lengthy and abusive litigation history.[16] Based on Plaintiffs' history and their failure to follow the filing restrictions imposed upon Plaintiffs in the other cases, the undersigned Judge imposes the following filing restrictions

---

[14] The undersigned judge is contemporaneously dismissing another case filed by Plaintiff, Case No. 10-1148.

[15] *See* Docs. 80 and 84 in Case No. 10-1069-CM; Doc. 68 in Case No. 10-1079-MLB; and Docs. 61 and 63 in Case No. 10-1156-CM. In Case Nos. 10-1069-CM and 10-1156-CM, filing restrictions were imposed *twice* because Plaintiff failed to follow the first Orders. Furthermore, in these two cases, the Court send copies of the Orders imposing filing restrictions by certified mail, and Plaintiff signed for the documents indicating he received notice of the filing restrictions at least four times. These Orders set forth the history of Plaintiff's lengthy abuse of the judicial system, and the Court will not repeat that history here. Suffice to say, Plaintiff continues to file frivolous and meritless motions in his two remaining cases in the District of Kansas.

[16] *Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006).

in this case. Plaintiffs are prohibited from filing another document in this action, Case No. 10-1134-EFM, unless they are represented by counsel or, if they proceed *pro se*, unless they first provide a notarized affidavit that verifies with particularity how the contemplated filing entitles them to relief that can be granted. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the Court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If Plaintiffs attempt to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.

Plaintiffs shall have ten days from the date of this Order within which to file written objections, limited to five pages, to these proposed filing restrictions. If they do not timely file objections, the filing restrictions will take effect twelve days from the entry of this Order. If Plaintiffs do file timely objections, these filing restrictions will not take effect unless and until the Court rules against Plaintiffs on their objections, in which case, these filing restrictions shall apply to any filing with this Court after that ruling.

**IT IS ACCORDINGLY ORDERED** that all Defendants' Motions to Dismiss (Docs. 13, 29, 36, 50) are hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion (Doc. 88) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs are prohibited from filing another document in this action, Case No. 10-1134-EFM, unless they are represented by counsel or, if they proceed *pro se*, unless they first provide a notarized affidavit that verifies with particularity how the contemplated filing entitles them to relief that can be granted. Such affidavit must provide notice of this restriction, and must include, as an exhibit, the proposed filing. Upon compliance with these

requirements, the Court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If Plaintiffs attempt to file any document that fails to comply with these restrictions, the Clerk of the Court is directed not to accept and/or file the document.

Plaintiffs shall have ten days from the date of this Order within which to file written objections, limited to five pages, to these proposed filing restrictions. If they do not timely file objections, the filing restrictions will take effect twelve days from the entry of this Order. If Plaintiffs do file timely objections, these filing restrictions will not take effect unless and until the Court rules against Plaintiffs on their objections, in which case, these filing restrictions shall apply to any filing with this Court after that ruling.

**IT IS SO ORDERED**.

Dated this 7th day of December, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE